UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH WILLIAMS, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.                                                      Case No. 8:07-cv-2092-T-24 TBM

MCCALLUM GROUP ENTERPRISES,
INC., d/b/a Advantage Delivery & Logistics,

    Defendant.
_____

**O R D E R**

       This cause comes before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 8). Plaintiff has filed a response. (Doc. No. 13.)

       On November 14, 2007, Plaintiff Keith Williams ("Williams"), individually and on behalf of all others similarly situated, filed a complaint against Defendant McCallum Group Enterprises, Inc. ("McCallum"), alleging violations of the Fair Labor Standards Act's ("FLSA") overtime compensation provisions. (Doc. No. 1.) Williams styled his complaint as a collective action, purporting to act as a representative of others who are allegedly entitled to overtime compensation from McCallum.

       Although McCallum maintains that Williams is not entitled any overtime compensation, it served upon Williams an offer of judgment in the amount of four hundred dollars ($400.00) plus reasonable attorney's fees and costs. McCallum states that its offer of judgment compensates Williams in full for his alleged damages. Williams did not accept the offer of judgment. Thereafter, McCallum filed the instant motion, alleging that its offer of judgment

renders this action moot.

Article III of the United States Constitution limits the federal judicial power to "Cases" or "Controversies." U.S. Const. art. III. § 2. "[A]n action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Pub. Interest Research Group Citizen Lobby, Inc. v. EPA*, 386 F.3d 1070, 1086 (11th Cir. 2004). Thus, "[i]f events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Ad Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

It has been established that if a defendant makes an offer of full relief on plaintiff's FLSA claim, the case becomes moot and the district court lacks subject matter jurisdiction over the case. *See Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211 (M.D. Fla. 2003). Williams concedes that McCallum's offer of judgment is in excess of his compensatory damages, and only takes issue with the language regarding attorney's fees and costs contained in the offer of judgment. However, any "remaining issue regarding the amount of attorney's fee and costs is a collateral matter and does not involve the merits of the case." *Id.* at 1218 n.4 (citations omitted). Consequently, the issue of attorney's fees does not prevent this action from becoming moot, and Williams does not argue otherwise.

Upon consideration, this Court finds that McCallum's offer of judgment rendered this case moot, even though Williams did not accept the offer.[1] As in *Mackenzie*, the question now

---

[1] The Court notes that no other person has opted to participate or join in the lawsuit and Williams has not offered any evidence that other persons are interested in doing so. Since there is no other individual in this case asserting a claim, and Williams' claim is moot, the case is still

becomes whether this case should simply be dismissed, or should judgment be entered for the plaintiff in accordance with the offer of judgment? And, as in *Mackenzie*, this Court finds that McCallum's motion to dismiss should be granted to the extent that judgment is entered in favor of Williams in the amount of four-hundred dollars ($400.00) plus reasonable attorney's fees and costs. *Mackenzie*, 276 F. Supp. 2d at 1219 ("Nevertheless, I fail to see how the plaintiff's claim could become moot if he does not receive any relief. There is certainly nothing in Rule 68 that supports a dismissal of the case without an award of the proffered relief. Further, if this situation is analogous to a default judgment . . . then the proper step would be to enter judgment in accordance with the default.").

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED** to the extent that judgment in the amount of $400.00 plus reasonable attorney's fees and costs shall be entered in favor of the plaintiff and against the defendant. The plaintiff shall, within fifteen (15) days of the date of this Order, file a memorandum, affidavits, or other supporting papers with respect to the award of reasonable attorney's fees. The Clerk is directed to enter judgment in the amount of $400.00 plus reasonable attorney's fees and costs in favor of the plaintiff and against the defendant, and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of January, 2008.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

ripe for dismissal.